Original

08 JUL 28

RICHARD W. WIEKING
U.S. DISTRICT COURT
DISTRICT COURT
CALIFORNIA

1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2   Name  Carter          Ryan
         (Last)          (First)          (Initial)

3   Prisoner Number  V-41333

4   Institutional Address P.O. Box 4000, Fac. 2, Bldg.12, Cell 231     CSP- Solano

5   Vacaville, CA 95696

6   ====================================================================

    UNITED STATES DISTRICT COURT
7   NORTHERN DISTRICT OF CALIFORNIA

8   Ryan Carter
    (Enter the full name of plaintiff in this action.)            )
9                              Petitioner   )      08  No.  3593
                        vs.                 )      Case No. _____
10   D.K. Sisto, Warden,                    )      (To be provided by the clerk of court)
                                            )
11                              Respondent. )      PETITION FOR A WRIT
                                            )      OF HABEAS CORPUS
12                                          )
                                            )
13                                          )
                                            )
14   (Enter the full name of respondent(s) or jailor in this action) )
                                            )
15
    ====================================================================
16                Read Comments Carefully Before Filling In

17   When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

    PET. FOR WRIT OF HAB. CORPUS        - 1 -

1   <u>Who to Name as Respondent</u>

2       You must name the person in whose actual custody you are.  This usually means the Warden or

3   jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5   respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1.  What sentence are you challenging in this petition?   Criminal

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14                 <u>Alameda County Superior Court        Oakland</u>

15                 Court                              Location

16          (b)    Case number, if known  <u>142667</u>

17          (c)    Date and terms of sentence  <u>June 10,2004    15 years</u>

18          (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                 parole or probation, etc.)          Yes  <u>✓</u>    No _____

20                 Where?

21                 Name of Institution:  <u>California State Prison, Solano</u>

22                 Address:  <u>P.O. Box 4000, Vacaville, CA  95696</u>

23      2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>One Count  Pandering and Two Counts Rape</u>

27  _____

28  _____

3. Did you have any of the following?

    Arraignment:                        Yes ✓      No _____

    Preliminary Hearing:           Yes ✓      No _____

    Motion to Suppress:            Yes _____    No ✓

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere ✓

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?               Yes _____    No ✓

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes ✓    No _____

    (b)    Preliminary hearing       Yes ✓    No _____

    (c)    Time of plea            Yes ✓    No _____

    (d)    Trial                   Yes _____    No _____

    (e)    Sentencing             Yes _____    No ✓

    (f)    Appeal               Yes _____    No ✓

    (g)    Other post-conviction proceeding    Yes _____    No ✓

8. Did you appeal your conviction?         Yes _____    No ✓

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal          Yes _____    No ✓

            Year: _____    Result: _____

            Supreme Court of California    Yes _____    No ✓

            Year: _____    Result: _____

            Any other court          Yes _____    No ✓

            Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1             petition?                                  Yes _____    No ✓

2        (c)   Was there an opinion?                Yes _____    No ✓

3        (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes _____    No ✓

5             If you did, give the name of the court and the result:

6

7                                _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?           Yes ✓    No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)   If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding. Attach extra paper if you need more space.

18             I.    Name of Court: Alameda County Superior Court

19                   Type of Proceeding: Habeas Corpus

20                   Grounds raised (Be brief but specific):

21                   a. Ineffective Assistance of Counsel on Plea Bargain

22                   b._____

23                   c._____

24                   d._____

25                   Result: Denied (Exhibit A.)   Date of Result: 7/17/07

26             II.   Name of Court: Court of Appeal, First Appellate District

27                   Type of Proceeding: Habeas Corpus

28                   Grounds raised (Be brief but specific):

1      a. _Ineffective Assistance of Counsel On Plea Bargain_

2      b. _____

3      c. _____

4      d. _____

5      Result: _Denied (Exhibit B.)_____ Date of Result: _8/16/07_

6      III.    Name of Court: _California Supreme Court_

7      Type of Proceeding: _Habeas Corpus_

8      Grounds raised (Be brief but specific):

9      a. _Ineffective Assistance of Counsel on Plea Bargain_

10     b. _____

11     c. _____

12     d. _____

13     Result: _Denied (Exhibit C.)_____ Date of Result: _6/11/08_

14     IV.    Name of Court: _____

15     Type of Proceeding: _____

16     Grounds raised (Be brief but specific):

17     a. _____

18     b. _____

19     c. _____

20     d. _____

21     Result: _____ Date of Result: _____

22     (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                                    Yes _____    No _✓_

24     Name and location of court: _____

25     B. GROUNDS FOR RELIEF

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27     support each claim. For example, what legal right or privilege were you denied? What happened?

28     Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1   need more space. Answer the same questions for each claim.

2          [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5          Claim One: Petitioner Contends That He Recieved Ineffective.

6   Assistance of Counsel with Respect to Plea Bargain

7          Supporting Facts: Please refer to subsequent Pages - Pages 6(1) - 6(8)

8

9

10

11         Claim Two:

12

13         Supporting Facts:

14

15

16

17         Claim Three:

18

19         Supporting Facts:

20

21

22

23         If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  All supporting cases law and other authority are incorporated

5  into body of argument.

6

7  Do you have an attorney for this petition?                    Yes____    No ✓

8  If you do, give the name and address of your attorney:

9

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  7/21/08                          Rya Cat

14        Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

1   Ground One

2

3   <u>Petitioner Contends That He Received Ineffective</u>
4   <u>Assistance Of Counsel With Respect To Plea Bargain</u>

5

6   <u>Law Pertaining To Ineffective Assistance Claim</u>

7

8       Ineffective representation issues, regarding a guilty Plea,
9   can be established if Petitioner can show that his counsel's
10  advice was not within the range of competence demanded
11  of attorneys in criminal cases and that if it were not for
12  the incompetent advice the Petitioner would not have
13  Plead guilty. <u>McMann v. Richardson</u> (1970) 397 U.S. 759,
14  25 L. Ed. 2d 763, 90 S. Ct. 1441.)

15

16      <u>Strickland v. Washington</u> (1984) 466 U.S. 668, 80 L. Ed. 2d
17  2074, 104 S. Ct. 2052, is the landmark decision that sets forth
18  the criteria for determining whether the Petitioner
19  received ineffective representation. Under <u>Strickland</u> the
20  Petitioner must overcome a strong Presumption that counsel
21  rendered adequate assistance by showing the counsel made
22  errors that were the results of acts or omissions which
23  were " outside the wide range of Professionally competent
24  assistance." The Petitioner must also show Prejudice by
25  demonstrating that there is a reasonable Probability that but for
26  Counsel's unProfessional errors the result of the Proceeding
27  would have been different.

COURT PAPER
COPY
STATE OF CALIFORNIA
D. 113A (REV. 8-72)

Memorandum of Points and Authorities

## Statement of the Case

Petitioner was charged by an information with seven counts. Petitioner entered into a Plea bargain in which he agreed to Plead guilty to three counts; (1) PC 261(A)(2) (2) PC 261(A)(2) and (3) Pandering. PC 266i(A)(2)

The Judge imposed six years for counts one and two, each of them, and three years for count three, for a total of fifteen years in Prison Pursuant to a Plea bargain.

However, Defense Counsel Riback induced the Plea by assuring Petitioner that although the sentence was fifteen years at 85%, he would get a 1½ year reduction because the crime of Pandering was a misdemeanor for which any sentence imposed on the crime, would be served at half time. The Petitioner Pleaded guilty only because of the assurances of counsel that Petitioner would actual serve 13½ years.

Contrary to counsel's representation, Petitioner currently is serving 15 years at 85%.

//

//

//

COURT PAPER
COPY
STATE OF CALIFORNIA
STD. 113A (REV. 8-72)

## Argument

The Plea of Guilty Should Be Withdrawn Because
It Was The Product of False Assurances that the
Agreed upon Fifteen Years Would Be Reduced By
One and One-Half Years.

Petitioner Pleaded guilty only because his counsel
represented that because the crime of Pandering was a
misdemeanor Petitioner would only have to serve 1/2 the
total Prison term imposed for that crime; Notwithstanding,
Petitioner would be serving 85% of the 12 years imposed for
counts one and two. The Petitioner would not have Pleaded
guilty if he had known that Pursuant to the Plea bargain
his sentence would be 15 years at 85%.

Petitioner has thus demonstrated that he Pleaded guilty
because of the false assurances of his counsel that the
15 years would be reduced by 1 1/2 years. Thus, it is urged
that the defendant is entitled to withdraw his Plea of guilty

Petitioner is at least entitled to a hearing to Prove his
allegations in the event this Court determines that Petitioner
has not Presented sufficient evidence to substantiate the
claim that the Plea was not given voluntarily. There is a
strong showing that Petitioner Pleaded guilty because of
the false assurances of counsel that the 15 years would

1  be reduced to 13½ at 85%. Thus, Petitioner is entitled
2  to a hearing if this court decides not to set aside the
3  Plea based on this Petition for a writ of habeas corpus.
4  (See Blackledge v. Allison, (1977) 431 U.S. 63, 52 L.Ed. 2d
5  136, 97 S. Ct 1621), where it was alleged that the Plea was
6  induced by the Promise of defense counsel that the
7  defendant would receive only a ten-year sentence,
8  although the defendant actually receive a sentence of
9  seventeen to twenty-one years in Prison.)

10

11      Plea bargaining constitutes a critical stage of the
12  criminal Proceeding and, as such, the defendant is entitled
13  to effective assistance of counsel during Plea bargaining
14  negotiations. (In re Alvernaz, (1992) 2 Cal. 4th 924, 935, 8
15  Cal. RPtr. 2d 713.) Accordingly, counsel should be aware
16  of his or her obligations to the client during the settlement
17  Process.

18

19      Here, Defense Counsel Riback had the obligation
20  to ensure that the Petitioner's decision whether to Plead
21  guilty was an informed choice, made with full aware-
22  ness of the alternatives.

23

24      Where a defendant entered a guilty Plea upon
25  counsel's advice the voluntariness of the Plea depends on
26  whether the advice was within the rage of competence
27  demanded of attorneys in criminal cases. (See Strickland

COURT PAPER
OPY
TATE OF CALIFORNIA
D. 113A (REV. 8-72)

6 (4)

1  v. Washington, supra, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d
2  674.)

3

4      Certainly, if the allegations contained in this Petition
5  are true, Petitioner is entitled to have his sentence vacated
6  or, at least, specific performance, that is, he should receive
7  1½ reduction off the 15 years. A guilty Plea, if induced
8  by Promises or threats which deprive it of the character
9  of a voluntary act, is void. A conviction base upon such
10 a Plea is open to collateral attack. (See Walker v. Johnston,
11 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316
12 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Shelton v. United States,
13 366 U.S. 26, 78 S.Ct. 563, 2 L.Ed. 2d 579.) "A Plea of guilty
14 differs in Purpose and effect from a mere admission or an
15 extrajudicial confession; it is itself a conviction. Like a
16 verdict of a Jury it is conclusive. More is not required;
17 the court has nothing to do but give Judgment and sentence.
18 Out of Just consideration for Persons accused of crime,
19 Courts are careful that a Plea of guilty shall not be
20 accepted unless made voluntarily after Proper advice
21 and with full understanding of the consequence."
22 (See Kercheval v. United States, 274 U.S. 220, 223, 47 S.
23 Ct. 582, 583, 71 L.Ed. 1009.)

24                          //
25                          //
26                          //
27                          //

                        6(5)

1 _A Plea of Guilty May be Withdrawn for Mistake, Ignorance,_
2 _Inadvertence, or Any Other Factor Overreaching A Defendant's_
3 _Free And Clear Judgment_

5 In People v Dena (1972 3rd Dist.) 25 Cal APP 3d 1001, 102 Cal
6 RPtr 357, the appellate court held that withdrawal of a guilty plea
7 was proper where the district attorney suppressed favorable
8 evidence.

10 The defendant made a clear and convincing showing that
11 his free will and judgment was overcome by an extrinsic
12 cause by showing that the district attorney suppressed evidence
13 favorable to the defendant and the guilty plea was entered on the
14 basis of this misinformation.

16 In People v Stanworth (ITA) 11 Cal 3d 588, 612, 114 Cal. RPtr. 250,
17 522 P2d 1058, the Supreme Court declared that defense
18 counsel's ignorance of relevant, material facts or applicable
19 law may constitute grounds for withdrawal of a plea:

21       Where the facts establish that counsel was
22       ignorant of the facts or the law and it appears
23       that such ignorance caused the withdrawal
24       of a crucial defense his client is entitled to
25       relief. (Ibid.)

27 In addition, whenever a defendant pleads guilty, he must
28 be advised of the "direct consequences" of his plea. Collateral

6(6)

1 consequences of which a defendant need not be advised are
2 indirect ones that do not "inexorably follow" from a conviction
3 involved in the Plea. Direct consequences of a Plea include the
4 statutory range of Punishment, among other things. (People v.
5 <u>Crosby</u>, (1992 1st Dist) 3 Cal APP 4th 1352, 5 Cal RPtr. 2d 159.)

6

7 <u>Misadvice by counsel concerning direct consequences of</u>
8 <u>the Plea is also a ground for withdrawal of a guilty Plea.</u>
9 (People v. Huynh, (1991) 6th Dist) 229 Cal. APP. 3d 1067, 280 Cal
10 RPtr. 506.)

11

12 Petitioner submits that he has two available remedies,
13 one of which has been mentioned above: withdrawal of his
14 Plea (i.e., rescission of the contract) and Specific Performance.
15 However, only one of the remedies appears to be viable, for
16 Petitioner has already fulfilled a substantial amount of his
17 obligations under the current Plea agreement. In doing so, he
18 has Paid in a coin that the state cannot refund. Therefore,
19 Petitioner should be entitled to Specific Performance.

20

21 Because the misadvice by trial counsel concerning direct
22 consequences of the Plea — i.e., trial counsel assuring Petitioner
23 that although the sentence was fifteen years at 85%, he
24 would receive one and one half years reduction because the
25 crime of Pandering was a misdemeanor for which any sentence
26 imposed thereon would be served at half time, was collateral
27 of the Plea bargain Proceeding; Petitioner request an evidentiary
28 hearing wherein trial counsel Riback may explain her reasons

1  for misadvising Petitioner.

2

3      Wherefore, Petitioner Prays: that the Court grant
4  this Petition for writ of habeas Corpus.

5

6  Dated: 7/21/08 ____, 2008

7

8                     Respectfully Submitted,

9                     Ryan Carter

10                    Ryan Carter

11                    In Pro Sue

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6(8)

(C.C.P. §§446; 2015.5;
28 U.S.C. §1746)

I, __Ryan Carter_____, declare under the penalty of perjury that:

I am the __Petitioner_____ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this __21__ day of __July____, __2008__ at California State Prison /Solano, Vacaville, California.

(Signature) __Ryan Cort_____
Declarant

*******************************************************************

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, __Ryan Carter_____, declare:    That I am a resident of California State Prison / Solano    State of California; I am over the age of 18 years; I am / am not a party to the above entitled action; My address is P.O. Box 4000 12/231, Vacaville, CA 95696.    I served the attached document(s) entitled:

Federal Petition for writ of habeas Corpus

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

Attorney General's Office
455 Golden Gate Ave, Ste. 11000
San Francisco CA 94102

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this __21__ day of __July____, __2008__ at California State Prison / Solano, in Vacaville, California.

(Signature) __Ryan Cort_____
Declarant

# EXHIBIT COVER PAGE:

Exhibit: _____A_____

Description of this exhibit: Superior Court's Order Denying Habeas Corpus

Number of pages of this exhibit: __1__ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__√__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: _____

Exh. A

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 9

Date: **July 17, 2007**          Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                                    Not Reported, Reporter

**RYAN CARTER**                            Counsel appearing      No Appearance, Deputy
                                           for Plaintiff          District Attorney
                        Petitioner
vs.                                        Counsel appearing      No Appearance
                                           for Defendant
**PEOPLE OF THE STATE OF CALIFORNIA**

                        Respondent

Nature of Proceedings: **EX PARTE PETITION FOR WRIT OF HABEAS CORPUS**

                                                            Case No. **142667**
                                                            PFN: **AQN936**
                                                            CEN: **2234705**

The petitioner is not present.

The Court having reviewed the petitioner's Petition for Writ of Habeas Corpus filed on July 17, 2007 orders said Petition denied.

The Petition is untimely and Petitioner has failed to demonstrate good cause for the delay of over three years. Nor has Petitioner explained why the Petition is exempt from the timeliness requirements. If the Petition is timely or exempt from the timeliness requirements the Petition fails to state a prima facie case for relief. Petitioner has submitted nothing to support his claims except unsubstantiated, self-serving statements. He has not met his burden of establishing that his counsel's conduct failed to conform to an objective standard of reasonable competence. In addition Petitioner has failed to show that he was prejudiced by his counsel's acts or omissions. With the charges pending against Petitioner on the two separate dockets, Petitioner had a potential exposure of over one hundred years in state prison. He entered into a negotiated disposition for fifteen years. It would be difficult to establish how Petitioner was prejudiced in this manner.

### CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this EX PARTE PETITION FOR WRIT OF HABEAS CORPUS by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Ryan Carter
CDC or ID Number V-41333
CSP-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Date: July 19, 2007                    Executive Officer/Clerk of the Superior Court
                                       By _____
                                            Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)

# EXHIBIT COVER PAGE:

Exhibit: __B__

Description of this exhibit: Court of Affeal's Order Denying
Habeas Corpus

Number of pages of this exhibit: __1__ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__✓__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: _____

Exh. B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

Court of Appeal; Engle<br>AUG 1 6 2007<br>Diana Hinton<br>By

In re RYAN CARTER,

on Habeas Corpus.

A118729

(Alameda County
Super. Court Case No. 144285)

THE COURT:*

The petition for a writ of habeas corpus is denied.

AUG 1 6 2007

Dated: _____        McGUINESS, P.J. _____ P.J.

---

* McGuiness, P.J., Siggins, J., & Horner, J. (Judge of the Alameda Sup. Ct., assigned by
the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), participating.

# EXHIBIT COVER PAGE:

Exhibit: _____C_____

Description of this exhibit: Supreme Court's Order Denying Habeas Corpus

Number of pages of this exhibit: __1__ pages

JURISDICTION: (Check only one)

_____ Municipal Court

_____ Superior Court

_____ Appellate Court

_____ State Supreme Court

__✓__ United States District Court

_____ United States Circuit Court

_____ United States Supreme Court

_____ California Department of Corrections, 602 Exhibit.

_____ Other: _____

Exh. C

S159151

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RYAN CARTER on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 1 1 2008

Frederick K. Ohlrich Clerk

_____

Deputy

**GEORGE**
_____
Chief Justice